FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JAN 14 2015

D. MARK JONES, CLERK
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TIMOTHY BRIAN BROWN,**<br><br>Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION UNDER § 2255**<br><br>Case No. 2:13-CV-603<br><br>*Related Case*: 2:01-CR-281<br><br>Judge Dee Benson |

This case is before the Court on Timothy Brian Brown's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On May 9, 2001, Mr. Brown was charged in a three-count indictment for producing and possessing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B). *United States v. Timothy Brian Brown*, Case No. 2:01-CR-281-DB. The parties engaged in plea negotiations and on July 25, 2001, Mr. Brown pled guilty to Count 1 of the indictment—that he "did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce" in violation of 18 U.S.C. § 2251(a). (2:01-CR-281-DB, Dkt. Nos. 1, 22). At the change of plea hearing, Mr. Brown was placed under oath, and the court accepted Mr.

Brown's plea as being knowingly and voluntarily made. (2:01-CR-281-DB, Dkt. No. 22). On November 28, 2001, Mr. Brown was sentenced to 188 months incarceration and imposed a $2500 fine and $1595 in restitution. (2:01-CR-281-DB, Dkt. Nos. 27, 28). On July 31, 2012, Mr. Brown filed a motion to reconsider sentence, which was denied on September 13, 2013. (2:01-CR-281-DB, Dkt. Nos. 31, 32). On June 26, 2013, Mr. Brown filed a motion for relief under 28 U.S.C. § 2255, arguing that the "Federal Government did not have Congressional Jurisdiction based on an incorrect reading of the Commerce Clause" citing the United States Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 183 L. Ed. 2d. 450 (2012). (2:13-cv-00603, Dkt. No. 1). Mr. Brown filed a supplement to his motion on September 16, 2013, "based on Morrison's second factor" that "he had to have known that the visual depiction would be transferred in interstate commerce..." (2:13-cv-00603, Dkt. No. 3). The government responded to Mr. Brown's motion on March 14, 2014, and Mr. Brown moved to strike the government's answer and for a "default" judgment in his favor on April 21, 2014. (2:13-cv-00603, Dkt. No. 4,7). On September 29, 2014, Mr. Brown filed another supplement to his motion based on the United States Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077(2014), citing language related to the limited powers of the federal government. (2:13-cv-00603, Dkt. No. 10).

## DISCUSSION

Motions under §2255 are subject to the one-year statute of limitations commencing from the latest of the times set forth in §2255(f)(1)-(4). These times are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment was entered on November 28, 2001, and he did not pursue a direct appeal. His conviction became final for purposes of §2255 when the time expired for him to file a timely appeal, which was fourteen days following the date judgment was entered against him. *See* Fed. R. App. P. 4(b)(1). Therefore, Petitioner's conviction became final and the one-year statute of limitations began to run on December 12, 2001, and his §2255 motion should have been filed on or before December 12, 2002, in order to be timely. Because Petitioner did not file his original §2255 motion until June 26, 2013, his motion is untimely.

Petitioner maintains that his motion is timely because he is actually innocent, citing the recent Supreme Court decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). There, the Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar... or, as in this case, expiration of the statute of limitations." 133 S. Ct. at 1928. To claim this exception, however, he "must show that it is more likely than not than no reasonable juror would have convicted him in light of the new evidence." 133 S. Ct. at 1935 (citation omitted). In this case, Petitioner pleaded guilty to the crimes, and he does not offer any new evidence to support his claim of constitutional error. Therefore, the "actual innocence" exception is not applicable to his claim.

Petitioner otherwise states that he pleaded guilty to one count of the production of child pornography under §2251(a), but that his crimes were non-economic and completely intrastate, and thus, there is no valid authority by which Congress could regulate his conduct in this case.

He maintains that the "watershed" decision of *National Federation of Independent Business v. Sebelius,* 132 S. Ct. 2566 (2012) supports his claim, and he argues that the Court's decision in that case overturned the Court's prior decision in *Gonzales v. Raich*, 545 U.S. 1 (2005).

In *Raich*, the Supreme Court considered whether congressional authority existed pursuant to the Commerce Clause and the Necessary and Proper Clause, to prohibit the completely intrastate "cultivation and use of marijuana" using the Controlled Substances Act. *Id.* at 6. The Court stated that its "case law firmly establishes Congress' power to regulate purely local activities that are a part of an economic class of activities that have substantial effect on interstate commerce." *Id.* at 16 (citations omitted). *Sebelius*, by contrast, addressed the Affordable Care Act. *See* 132 S. Ct. at 2585-91. The Court there determined that the Affordable Care Act's requirement that most Americans either obtain health insurance or pay a penalty was an unconstitutional exercise of Congress' Commerce Clause authority, as it forced into commerce individuals who elected to refrain from that type of activity. *Id.* at 2591.

*Sebelius* did not address the government's authority to regulate items, such as cameras, disks, or computers, and the Court finds that it did not abrogate *Raich*'s determination that as long as Congress has a rational basis for concluding that an intrastate activity could substantially affect interstate commerce, it may regulate the activity under the Commerce Clause. *See Raich,* 545 U.S. at 22. Numerous circuit decisions have found that the production of child pornography has a substantial effect on interstate commerce, and that Congress has the authority to prohibit its purely local production and possession under the Commerce Clause. *See, e.g., United States v. Morales-de Jesus*, 372 F.3d 6, 11 (1st Cir. 2004) (finding that statute criminalizing the local production of child pornography using materials transported in interstate commerce was within Congress' "substantial effect" Commerce Clause power); *United States v. Forrest*, 429 F.3d 73,

78-79 (4th Cir. 2005) (holding that Congress had a rational basis for concluding that intrastate manufacture and possession of child pornography substantially affects interstate commerce); *United States v. Kallestad*, 236 F.3d 225, 231 (5th Cir. 2000) (holding purely intrastate possession of child pornography is not beyond Congress' power under the Commerce Clause); *United States v. Maxwell*, 446 F.3d 1210, 1218 (11th Cir. 2006) ("It is well within Congress's authority to regulate directly the commercial activities constituting the interstate market for child pornography and prohibiting the intrastate possession of... of an article of commerce as a rational... means of regulating commerce in that product.") (citation and internal quotation marks omitted). The Court finds Petitioner's argument without merit.

The Court further notes that Section 2251(a) reads, in pertinent part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct... shall be punished as provided under subsection (e)... if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means[.]

18 U.S.C. §2251(a). Evidence was presented, and Petitioner agreed, that the camera Petitioner used to take the images was manufactured outside of Mississippi and traveled in interstate commerce. This is sufficient to satisfy the requirements of §2251 (a). *See Raich*, 545 U.S. at 17 (holding "that when 'a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under the statute is of no consequence.'" *Id.* at 17 (citation omitted). The fact that Petitioner created child pornography solely for his own personal use is irrelevant to the constitutionality of the statute. Petitioner's motion is therefore denied.

**Certificate of Appealability**

An appeal cannot be taken from a final order adverse to Petitioner unless a certificate of appealability issues. 28 U.S.C. §2253(c)(1)(B). Although Petitioner has not filed a notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on their merits, Petitioner may obtain a certificate of appealability by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). As to claims rejected on procedural grounds only, Petitioner may obtain a certificate of appealability by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court finds that Petitioner cannot satisfy the *Slack* criteria, and a certificate of appealability will not issue in this case.

## CONCLUSION

Petitioner's motion for relief under 28 U.S.C. § 2255 is **DENIED** and this action is **DISMISSED WITH PREJUDICE.** A certificate of appealability from this decision is **DENIED.**

DATED this 12th Day of January, 2015.

BY THE COURT:

Dee Benson
United States District Judge